## HAMILTON *v.* THE TERRITORY OF WYOMING.

VERDICT.—Under the statutes of Wyoming territory, for the year 1869, and in force in 1872 and 1873, it was the duty of the jury in criminal cases where a verdict of guilty was found, and not of the court, to fix the term of imprisonment or to assess the amount of fine.

IDEM.—This rule applied to misdemeanors as well as to felonies.

CHANGE OF VENUE.—It is the duty of the district court, upon the trial of a criminal cause, where the proper affidavit as to the bias or prejudice of the judge is filed in time, to call in another judge to preside at such trial. The statute in reference thereto is mandatory and imperative, and upon an application properly made, it is error for the court to refuse, and such error is sufficient to obtain a reversal of the judgment.

ERROR to the First Judicial District Court for Laramie County.

A sufficient statement of the case is contained in the opinion which follows.

*W. R. Steele*, for plaintiff in error.

This petition in error is prosecuted by Ida Hamilton, the defendant below, to reverse the judgment of the district court of the first judicial district, within and for the county of Laramie, at the March term, A. D. 1873, in a cause wherein the said Ida Hamilton was indicted for keeping and maintaining a lewd house, for the practice of fornication, under which she was tried, found guilty and sentenced to an imprisonment of four months, in the jail of Laramie county.

The first error assigned upon the record is, that the court erred in refusing to sustain and allow the motion of the defendant below for a change of judge. The right to change the judge is an absolute right of a defendant in a criminal case, guaranteed by law: Sec. 115, Code of Crim. Proc.; Laws of Wyoming, A. D. 1869, 486. There is no discretion allowed in such a case, but the change "shall be allowed." And there is reason and justice in not allowing the judge discretion in such case. The statute of Indiana, in reference to criminal practice, contains a somewhat similar pro-

vision—providing that a change *may* be allowed on account of the prejudice of the judge: Secs. 76, 77, Criminal Pleadings and Practice; 2 Stat. of Ind. 466; Bick. Crim. Prac. 231. Under this statutory provision, the supreme court of Indiana has held that, upon such affidavit of prejudice being filed, a change must be allowed: Bick. Crim. Prac. 231-2; *Seyner* v. *State*, 8 Ind. 496; *Witter* v. *Taylor*, 7 Id. 110; *Goldsby* v. *State*, 18 Id. 147.

On this first assignment of error we confidently ask that the judgment of the court below should be reversed, as being a fatal error invalidating every after step in the cause. The jurisdiction of the several courts herein provided for, both appellate and original,     *     *     *     shall be as limited by law,     *     *     *     and shall possess chancery, as well as common law jurisdiction for redress of all wrongs, etc.: Organic Act, sec. 9.

The seventh error assigned is, that the court below erred in refusing to allow the jury to fix the defendant's punishment in case they should find a verdict of guilty. This is made the province of the jury by the laws of this territory: Laws of Wyoming, 1871, p. 77, sec. 1; Id. 1869, p. 145, sec. 150; Organic Act, sec. 9; Const. of Ind. sec. 1, art. 7; 1 Stats. of Ind. 46; Laws of Crim. Prac. sec. 116; 2 Stats. of Ind. 419. The constitutionality of this act has never been questioned in Indiana, but has been incidentally affirmed in *Rice* v. *State*, 9 Ind. 532.

The constitution of Missouri and its laws of criminal procedure are the same, and the constitutionality of the law has never been questioned in that state. The law is the same in Iowa: *Cook* v. *United States*, 1 G. Greene, Iowa, 56. It was held that when the statute authorized the jury to assess the fine, and it failed to do so, that the court had no authority to assess the fine; yet the constitution of Iowa vests in certain specified courts the judicial power, and when Iowa was a territory, an act was passed allowing juries to assess the amount of punishment for crime, the legality or constitutionality of which was never questioned, but tac-

itly affirmed in *Cropper* v. *United States*, Morris' Iowa R. 342. As to authority of territorial legislature, see *Clinton* v. *Englebrecht*, 13 Wall. 434.

*W. W. Corlett*, for the defendant in error, cited Laws of Wyoming, 1869, p. 486, sec. 115; Voorhies' N. Y. Code, 121–123; 1 Greenl. on Ev. sec. 461; 3 Gra. & Wat. on New Trials, c. 10; 4 Wend. 483; 8 Id. 109; Organic Act Wyoming Ter. sec. 9; Laws of Wyoming, 1869, 484; 2 Bish. Crim. Pro. secs. 276, 285, 359, 941; Laws of Wyoming, 1869, 500; Hill. on New Trials, 479, 480, 481, 596; 22 Ill. 91; 6 Wisc. 350; *Dunphy* v. *Kleinsmith*, 11 Wall.

By the Court, CAREY, J. The plaintiff in error, at the March term, 1873, of the district court, in and for the county of Laramie, first judicial district, was indicted, tried and convicted of "keeping a lewd house for the practice of fornication." After motion for new trial was made, argued and overruled, the plaintiff in error was sentenced by the court to an imprisonment in the county jail for the period of four months. The plaintiff in error sued out a writ of error to reverse judgment of the district court, which said writ of error on account of irregularity, was, on motion dismissed. Thereafter at this term, the plaintiff in error filed a motion for leave to file a petition in error, which said motion was allowed; Associate Justice Carey dissenting. Thereafter the defendant in error filed a motion to dismiss the petition in error, which motion was overruled; Associate Justice Carey dissenting.

One of the errors assigned in the petition in error is, that the district court erred in refusing to grant the motion of defendant (plaintiff in error) for a change of judge on trial of said cause, after an affidavit had been filed alleging the prejudice of the judge of said court in said cause.

Section nine of the organic act provides that the territory of Wyoming shall be divided into three judicial districts, and that a district court shall be held in each of said districts by one of the justices of the supreme court, at such

time and place as may be prescribed by law; and said judges after their appointments, shall reside in the districts which shall be assigned them. Section fifteen of the same act provides, that temporarily, and until otherwise provided by law, the governor of said territory may assign the judges, etc., but the legislative assembly at their first, or any subsequent session, may assign the judges, etc. It is clear from the foregoing provisions of the organic act, that either of the justices of the supreme court is authorized to hold a district court in either of the defined judicial districts, and that temporarily, and until otherwise provided by law, or until the legislative assembly should assign the judges, the governor of the territory should make such assignments, and that it would be competent for the legislative assembly either by law to provide for the assignment of judges, or by law to directly assign the judges to the several districts.

Section 115 of the code of criminal procedure of the territory, provides that all criminal cases shall be tried in the county where the offense was committed, unless it shall appear to the court, by affidavits, that a fair and impartial trial cannot be had therein for any cause, in which case the court may direct the person accused to be tried in some adjoining district, where the cause alleged for removal does not exist. If the affidavit shall allege the prejudice of the judge as a ground of removal, the change of venue shall be allowed, and the case go to another district; provided that if the objection be made to the judge only, the court may, for the convenience of parties, request the judge of another district to try said cause in the county in which such action may be pending.

The foregoing provision of law means simply this, that if it appears to the court, by affidavit, that a fair and impartial trial cannot be had in the county where it is alleged the crime was committed, the court may direct a change of venue, but if an affidavit shall be made, alleging the prejudice of the judge, a change of district *shall, not may*, be allowed; provided that if the objection be to the judge only, the court

may, for the convenience of parties, request the judge of another district to try the cause in the county where pending.    While we may deprecate the existence of a law which permits a person accused of crime to impeach the impartiality or integrity of a county or judge, .yet we can see nothing in the law in conflict with the law organizing the territory.

Juries and judges should be impartial, but to determine their partiality we think the law should require something more than the affidavit of an accused party.    The courts are not arbitrators, nor are they responsible for the defects of the law, they are only bound to interpret and declare what the law is.

The legislative assembly in providing for a change of a judge, has a precedent in the law of congress of third of March, 1863, which provides that whenever the judge of the supreme court for any circuit, from his having been of counsel or being interested in any cause pending in such circuit court, or from any other cause, shall deem it advisable that the circuit court shall be holden by the judge of any other circuit, he may request in writing the judge of any other circuit to hold the court in such circuit.    The law of congress leaves it with the judge to say whether there shall be a change of judge; the law of the territory says that it shall be determined on an affidavit.    As the law now stands upon the statute book of this territory, whenever in any criminal case an affidavit is filed alleging the prejudice of the judge, it is the duty of the court to allow a change of district, or to request a judge of another district to try the case in the county where pending, the judge so requested becomes the assigned judge to try the cause.    The only other error alleged in petition in error, which we deem it necessary to consider, is as follows:

" That the district court erred in refusing to allow the jury to affix the penalty to be assessed against and inflicted upon the said Ida Hamilton, in case the said jury should find the said Ida Hamilton guilty of the offenses charged in

said indictment." * * * The statute, section 114, act
defining crimes, laws of 1869, under which plaintiff in error
was indicted, tried and convicted, fixes the punishment at
not exceeding one hundred dollars, or imprisonment in the
county jail not exceeding six months.   Section 169 of same
act provides that when the punishment for any crime is dis-
cretionary as to the amount or extent, the court may deter-
mine the same.   The statute of sixteenth of December, 1871,
amended the last named section by inserting the word "jury"
for that of "court."

In the trial of this case in the district court, the judge
expressly refused to instruct the jury that they should, if
they found the defendant (plaintiff in error) guilty, deter-
mine the amount and extent of punishment under the stat-
ute, the court holding that the fixing or determining the
amount of punishment is a judicial power, and could not
be exercised by a jury.   The organic act of the territory
provides that the judicial power of the territory shall be
vested in a supreme court, district courts, probate courts,
and justices of the peace.   The act also provides how the
supreme and district courts shall be constituted.   No one
will contend for a moment that it was not the intention of
congress that there should be jury trials in the district
courts.   This question is settled by the language of the or-
ganic act, as also by several decisions of the supreme court
of the United States.   The jury are the judges of the facts,
and in the trial of cases by jury become as important a part
of the district court as the judge himself.   The judicial
power of the territory is not vested in the justice of the
supreme court, but in the supreme and district courts, and
certain inferior courts, and a jury in the trial of a cause in
the district court must necessarily exercise a part of the
judicial power; they are judges of the facts, and must de-
termine them from the evidence.   The word judge means a
public officer, lawfully appointed to decide litigated ques-
tions according to law.   "This, in its more extensive sense,
includes all officers who are appointed to decide such ques-

tions; and not only judges, properly so called, but also justices of the peace and juries, who are the judges of the facts in issue:" 4 Dall. 229, and 3 Yates R. 300. The object of discretionary punishments is, that the punishment may in each case be proportioned so as to do justice. Two persons may each commit the same offense, yet one be deserving of more punishment than the other, and it has been found wise for the law-makers to make discretionary punishments. The rule has generally been to leave the punishment in such cases to the discretion of the judges, yet we can see no reason why this discretion should not be left to the jury; a discretion which should in every instance be founded on the evidence and the peculiar circumstances of the case. In several of the states this discretion has been left with the juries, and nowhere does the constitutionality of the provision appear to have been questioned; and by comparison of the constitutions of these states with the organic act, we can find no material difference as to where shall be vested the judicial power.

Judgment reversed; case remanded for a new trial.