## STATE v. WEEDEN.

CRIMINAL LAW—FOODS—ADULTERATION—MIXTURES AND COMPOUNDS —STATUTORY CONSTRUCTION.

1.  The Legislature having specifically defined what shall constitute adulteration, within the meaning of the statute making unlawful the manufacture or sale of adulterated foods, the court is bound to follow that definition and cannot extend it.

2.  An information charged the defendant with having offered for sale a mixture and compound of recoginzed food products, viz: maple syrup and cane syrup, in a can labeled "Westmoreland Syrup, a blend of pure maple and rock candy syrup," but not labeled or branded as a mixture or compound with the name and percentage of each ingredient of said cane syrup and maple syrup. *Held,* that adulteration was not charged in the information within the statutory definition of that term. (Laws, 1903, Ch. 82; Laws, 1907, Ch. 91.)

3. In the section of the statute defining what shall be deemed an adulteration in the case of foods or beverages is added a proviso that an article of food or beverage shall not be deemed adulterated if it be a mixture or compound of recognized food products not included in definitions 7 and 8 of the section, provided each package be distinctly labeled as mixtures or compounds with the name and per cent of each ingredient therein. *Held,* that the provision does not render unlawful the sale of a mixture or compound therein described, though not labeled with the name and per cent of each ingredient, where the same is not otherwise an adulteration within the statutory definition.

4. Section 13 of Chapter 82, Laws, 1903, provides that, for the purpose of the act, maple sugar and maple syrup shall be the unadulterated product produced by the evaporation of pure sap from the maple or sugar tree, and that other substances mixed with the maple sugar or maple syrup or any other substance purporting to be maple sugar or maple syrup shall be deemed an adulteration. *Held,* that the section was intended to prohibit the sale of an imitation of or adulterated maple sugar or syrup as pure maple sugar or syrup; and a violation thereof is not charged by an information alleging the sale of a mixture and compound of maple syrup and cane syrup as "Westmoreland Syrup. A blend of pure maple and rock candy syrup."

[Decided March 10, 1909.]                    (100 Pac. 114.)

EXCEPTIONS by the Prosecuting Attorney. From the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The facts are stated in the opinion.

*W. E. Mullen,* Attorney General, for the State.

The pure food law contains a separate section from the one generally defining what constitutes adulteration of foods, known as Section 13, with reference to the mixture of any other substance with maple sugar or maple syrup, and by that section such mixture is declared an adulteration within the meaning of the laws of the state. For the purpose of the act, therefore, any substance mixed with maple syrup is an adulteration, no matter under what name it be offered

for sale. The information negatives the saving clause appearing in the first sub-division of the proviso to Section 8, Article I, Chapter 82, Laws 1903. That proviso does not define the offense, but merely qualified the provisions of Section 13, which does define the offense here charged. The mixture was labeled as containing maple and rock candy syrup. The information charges the offering for sale a mixture of maple syrup and cane syrup. It is, therefore, clear that the label, upon the allegations of the information, was a misrepresentation of the contents, unless the courts are prepared to take judicial notice that rock candy syrup and cane syrup are the same thing. Courts do not undertake to question the propriety of a legislative policy. The statute requiring mixtures or compounds of recognized food products to be labeled so as to show the percentage of ingredients is a valid exercise of the police power, in order to prevent the sale of inferior or imitation articles. (Palmer v. State, 39 O. St. 239; Powell v. Com'rs, 114 Pa. St. 265; 19 Cyc. 1087; Dorsey v. State, 40 L. R. A. 203.)

*James J. Rowen,* for the defendant. (*Thomas E. Lannen* of Counsel.)

Section 8 of the pure food law under which the information was apparently framed, contains 10 distinct classifications of what shall be deemed adulterated food. The facts stated in the information do not bring the syrup complained of within any of said definitions. We are here dealing with a criminal statute and, therefore, it must be liberally construed in favor of the accused, where doubt exists. The proviso to Section 8 under which it is claimed that the syrup must to be held an adulteration does not declare what constitutes an adulteration, nor by its terms declare the mixtures and compounds referred to to be adulterations. The office of a proviso is to qualify the generality of the section, or to exclude some possible grounds of misinterpretation. It affects only the section to which it is added, and does not operate beyond the enacting clause, but is

an exception from it or restraint upon it. (Gaither v. Wilson, 164 Ill 548, and cases cited; *In re*. Day, 181 Ill. 373.)

Section 13 of the act deals entirely with maple syrup and what shall be deemed adulterated maple syrup. The section does not apply to a blend of maple syrup and cane syrup and labeled and sold for exactly what it is. The section applies only to cases in which adulterated maple syrup is sold as maple syrup. If Section 13 should be held to apply then it is unconstitutional and void as being unreasonable and oppressive, for it would prevent the sale of anything into which maple syrup entered no matter how wholesome or under what name sold. If the proviso to Section 8 be held to apply to Section 13 it cannot change the meaning of that Section. But the proviso to Section 8 cannot be made to apply to or to be read in connection with Section 13. (2 Suth. Stat. Const. 673; Spring v. Olney, 78 Ill. 101.)

Counsel for the state contends that on the face of the information the label was a misrepresentation, unless the court holds that cane syrup and rock candy syrup are the same thing. This is simply a question as to the rules of pleading and does not affect the real point in issue. However, it is to be said: (1) rock candy syrup is cane syrup, because it is made from pure cane sugar, and judicial notice will be taken of this fact. (2) The information does not allege them to be different. (3) There is no maple syrup law, so-called, in Wyoming. Consequently, when this syrup was labeled as charged in the information the only part of the law which it can be claimed to violate is definition 7 of Section 8, but the state has been obliged to take the position that this syrup was not an adulteration under that definition in order to claim that it came under the proviso. This was necessary because the proviso expressly excludes articles coming under definition 7.

Beard, Justice.

The county and prosecuting attorney of Sheridan County filed in the district court of that county an information con-

taining a charge against the defendant as follows: "That T. H. Weeden, late of the county aforesaid, on the 7th day of May, A. D. 1907, at the County of Sheridan in the State of Wyoming, did then and there unlawfully offer for sale, for use and consumption as human food, one-half gallon of a mixture and compound of recognized food products, to-wit: maple syrup and cane syrup, made up of maple syrup, thirty per cent, and cane syrup, seventy per cent, and as thus prepared was so offered for sale in a certain can containing said mixture and compound sold as aforesaid which was then and there labeled and branded 'Westmoreland Syrup. A blend of pure maple and rock candy syrup,' but was not then and there labeled or branded as a mixture or compound with the name and percentage of each ingredient of said cane syrup and maple syrup contained therein."

A general demurrer was filed to the information by the defendant, which was sustained by the court and the defendant discharged, to which ruling the county attorney preserved his exception, and brings the case here under the provisions of Sec. 5378 *et seq.,* R. S. 1899. It is claimed by the prosecution that the information charges a violation of Sec. 6 (Art. 1), Ch. 82, S. L. 1903, which is as follows: "No person or persons shall within the State of Wyoming manufacture for sale, offer for sale, or sell any drug or article of food, drink or illuminating oil which is adulterated within the meaning of this act." The statute then defines what shall be deemed an adulteration in the following language, so far as it relates to this case. "Any article shall be deemed to be adulterated within the meaning of this act * * * * In case of foods or beverages: * * * * (4) If any substance or substances have been mixed with it so as to lower or depreciate or injuriously affect its quality, strength or purity; (5) if any inferior or cheaper substance or substances have been substituted wholly or in part for it; * * *' (7) if it is an imitation of another article." (Id., Sec. 8, as amended, Laws 1907, Ch. 91, Sec.

2.)   It is clear that none of these things which the statute defines to be an adulteration of articles of food is charged in the information.   The legislature has specifically defined what shall ·constitute adulteration within the meaning of the law, and having done so, the court is bound to follow that definition and cannot extend it.   It is urged, however, that the statute above quoted is followed by "Provided, That an article of food or beverage shall not be deemed adulterated in the following cases:   If it be a mixture or compound of recognized food products, or ingredients of food products not included in definition seven   *   *   *   * provided each and every package sold or offered for sale be distinctly labeled as mixtures or compounds with the name and per cent therein and are not injurious to health."   Counsel have not referred us to any statute, nor have we found any, making the sale of such unlabeled mixtures or compounds unlawful, except as they are defined to be adulterations by the foregoing statute as quoted;. and the definition of adulterations therein contained does not include such unlabeled compounds or mixtures.

It is also contended that the information charges a violation of Sec. 13 of Art. 1, Ch. 82, S. L. 1903, which is as follows:   "For the purpose of this act maple sugar, and maple syrup, shall be the unadulterated product produced by the evaporation of pure sap from the maple or sugar tree.   The standard weight of a gallon of such maple syrup of 231 cubic inches in the State of Wyoming, shall be eleven pounds.   And other substances mixed with the maple sugar or maple syrup or any other substance purporting to be maple sugar or maple syrup shall be deemed to be an adulteration within the meaning of the laws of the State of Wyoming, providing against the adulteration of foods, drugs, and drinks, and such party who makes or offers for sale such adulterated sugar or syrup shall be deemed guilty of a misdemeanor and fined as herein previously provided for."   Evidently the purpose and only purpose of this provision of the statute is to prohibit the sale of an

imitation of, or adulterated maple sugar or syrup as pure maple sugar or maple syrup. But the information in this case makes no such charge. Indeed it appears from the information that it was not represented to be pure maple, but on the contrary was labeled otherwise. The information charged no offense, and the demurrer thereto was properly sustained by the district court. The exceptions of the prosecuting attorney are without merit and are not sustained.

POTTER, C. J., and SCOTT, J., concur.