2012 WY 43

**Chad Faron MEBANE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0196.**

Supreme Court of Wyoming.

March 21, 2012.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Appellant Counsel; David E. Westling, Senior Assistant Appellate Counsel; Wyoming Public Defender Program.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before KITE, C.J., GOLDEN, HILL, and BURKE, JJ., and SANDERSON, D.J.

SANDERSON, District Judge.

[¶ 1]   The Appellant, Chad Faron Mebane, appeals from his convictions of possession of methamphetamine, a misdemeanor, and two counts of delivery of methamphetamine. Mebane asserts that the trial court erred by failing to advise him before he testified that he had a right not to testify and, as a result, his choice to testify was not made intelligently. We find that Mebane was adequately advised by the trial court at arraignment of his right to remain silent and hold that he voluntarily, knowingly and intelligently waived his right to remain silent. Accordingly, we affirm the judgment.

### ISSUES

[¶ 2]   Mebane raises the following issue on appeal:

Did the trial court's failure to inform Mr. Mebane of his constitutional right to remain silent and not testify result in an uninformed waiver of that right and result in Mr. Mebane incriminating himself at trial?

The State rephrases the issue as:

Did the district court commit plain error by failing to advise Mebane of his right to remain silent immediately before he testified on his own behalf at trial?

### FACTS

[¶ 3]   Mebane's convictions stem from two controlled buys made by a confidential infor-

mant under the supervision of the Division of Criminal Investigation on June 8, 2010, and again on July 13, 2010. After the second buy, a DCI agent obtained a search warrant to search Mebane's home and methamphetamine was found and seized. These events resulted in Mebane being tried on two separate charges of delivery of methamphetamine in violation of Wyo. Stat. Ann. § 35–7–1031(a)(i) (LexisNexis 2011) and one charge of possession of methamphetamine in violation of Wyo. Stat. Ann. § 35–7–1031(c)(i)(C) (LexisNexis 2011).

[¶ 4] At the arraignment, Mebane was advised by the trial court of his right to remain silent. He responded that he understood that right. He plead not guilty to the charges, and the case went to trial. Throughout the entire process Mebane was represented by an attorney.

[¶ 5] At trial, after the State had rested its case, the trial court did not readvise Mebane of either his right not to testify or his right to testify. Neither Mebane nor his attorney nor the prosecuting attorney objected or otherwise brought to the trial court's attention that this customary advisement had not been given. The record does show that during the recess after the close of the State's case Mebane's attorney requested time to discuss with him whether or not he wanted to testify. Mebane does not contend that he was unaware of his right to not testify or that he was compelled to testify.

[¶ 6] Mebane apparently chose to testify. In his testimony he denied delivering the methamphetamine on the two occasions alleged in the Information. On cross-examination he admitted to having been previously convicted of felonies which included a conspiracy to deliver methamphetamine. Mebane called another witness to testify on his behalf to corroborate his testimony.

[¶ 7] The jury found Mebane guilty of all charges. The trial court sentenced him to 180 days on the misdemeanor possession charge with credit for 155 days served; 12 to 15 years on the first delivery charge; and 12 to 15 years on the second charge. All of the sentences were ordered to be served consecutively.

[¶ 8] Mebane appeals his conviction contending the trial court erred in failing to advise him at the close of the State's case that he did not have to testify. He contends he had to testify because two potential jurors had said during voir dire questioning that they would believe that if Mebane remained silent they would assume he was guilty. These two jurors were struck for cause. No other jurors remaining on the panel indicated they would be inclined to find Mebane guilty if he did not testify.

## STANDARD OF REVIEW

[¶ 9] Because Mebane raised no objection and did not call to the trial court's attention the fact that it did not readvise him of his right not to testify after the State rested its case, we review the alleged error under the plain error doctrine. *Rathbun v. State*, 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo.2011). We have said:

> Even when constitutional error is alleged, each criterion must be satisfied or a claim for review under a plain-error doctrine will fail. To establish plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him.

*Id.* (quoting *Zumberge v. State*, 2010 WY 111, ¶ 14, 236 P.3d 1028, 1030 (Wyo.2010)).

## DISCUSSION

[¶ 10] At the outset, we must be clear about the problem presented here. It is simply whether the trial court committed plain error in failing to readvise Mebane that he did not have to testify at the close of the State's case. Mebane also argues he had no choice but to testify because two potential jurors (who were stricken for cause) stated in voir dire that they would have difficulty finding Mebane not guilty if he did not testify.

[¶ 11] Mebane does not contend that he was called to testify by his attorney when he didn't want to testify. He acknowledges in his argument that he understood the advise-

ment of his right to remain silent given by the trial court at his arraignment. He does not contend that had he been so advised at the close of the State's case that he would not have testified. We now turn to the elements of the plain error test.

### Does the record clearly reflect the alleged error?

[¶ 12] The record is clear, and the State concedes, that the trial court did not give the advisements that are customarily given to a defendant after the State rested its case. In *Sanchez v. State*, 841 P.2d 85 (Wyo.1992), we **recommended** that trial courts should inquire of a defendant if he understands his right to testify or not to testify and that his choice is knowingly and voluntarily made. *Id.* at 89, 841 P.2d 85. We made this recommendation to "insure[ ] a valid waiver of the defendant's right" and to "assist in any subsequent appellate review of the defendant's claim to the contrary." *Id.*

[¶ 13] Because the procedure was only a recommended procedure, failure to follow it does not automatically result in a reversible error. In *Lobatos v. State*, 875 P.2d 716 (Wyo.1994), we clarified that the recommended procedure was merely a suggestion and not intended to establish any mandatory procedure that required reversal if the trial court failed to follow it. *Id.* at 724. This issue was again raised in *Harris v. State*, 933 P.2d 1114, 1125 (Wyo.1997). We reiterated, "In *Lobatos*, however, we made it clear that questioning the defendant on the record is not mandatory. 875 P.2d at 724. The trial court's failure to inquire as to whether the defendant wants to testify is not a denial of the defendant's right to testify." *Harris*, 933 P.2d at 1125.

[¶ 14] Here, the trial court did advise Mebane at arraignment of his right to remain silent; Mebane requested, and received, an instruction to the jury informing jurors that he did not have to testify; the record indicates he was Mirandized when arrested; and the record indicates that during the recess after the State rested its case, Mebane's attorney requested time to visit with him on whether or not he would testify.

The record is clear that Mebane understood he did not have to testify unless he chose to.

[¶ 15] Mebane's choice to testify may have been the result of a sincere, but subjective, belief that the jurors secretly held the same view as the two jurors who were struck and that he had to testify or he would be found guilty; but there is nothing in the record that indicates the jurors who decided the case held that view. In fact, the record shows they understood and respected Mebane's right not to testify. In hindsight, his decision to testify may have been unwise; but he also has a right to testify even if it turns out to be the wrong choice. As long as a defendant understands he has a right to testify, or not, the choice he makes is a matter of trial tactics. The choice, however, must be one the defendant makes.

[¶ 16] The court in *LaVigne v. State*, 812 P.2d 217 (Alaska 1991), explained it well:

In the narrow world of the courtroom the defendant may have faith, even if mistaken, in his own ability to persuasively tell his story to the jury. He may desire to face his accusers and the jury, state his position, and submit to examination. His interest may extend beyond content to the hope that he will have a personalized impact upon the jury or gain advantage from having taken the stand rather than to seek the shelter of the Fifth Amendment. Or, without regard to impact upon the jury, his desire to tell "his side" in a public forum may be of overriding importance to him. Indeed, in some circumstances the defendant, without regard to the risks, may wish to speak from the stand, over the head of judge and jury, to a larger audience. It is not for his attorney to muzzle him.

*Id.* at 221 (quoting *Wright v. Estelle*, 572 F.2d 1071, 1078 (5th Cir.1978) (Godbold, J., dissenting)).

[¶ 17] Nor is it for the trial court to muzzle him.

[¶ 18] In summary, it is not error for the trial court to fail to advise a defendant of his right not to testify if such an advisement was given at arraignment as it was here. If on appeal a defendant contends he still didn't understand that right, he must point to evi-

dence on the record that supports his contention of being uninformed. Mebane has not done that here. Moreover, the evidence in the record is to the contrary.

[¶ 19] It has been nearly twenty years since we recommended in *Sanchez* that trial courts advise a defendant of his right to testify, or not, and of the choices he must make at the close of the State's case. We continue to recommend this procedure and will restate it here as a reminder: "[T]rial judges should take steps to insure that a criminal defendant's failure to take the stand in his or her own defense was the result of a knowing and voluntary decision made by the defendant." *Sanchez*, 841 P.2d at 89 (quoting *LaVigne*, 812 P.2d at 222). Trial judges should, out of the presence of the jury, advise the defendant of the choice of rights he has to exercise and point out that by exercising his right to testify, he will be waiving the right that is not exercised. Whichever right a defendant elects to exercise, the trial court should, out of the presence of the jury, inquire of a defendant if he understands and voluntarily chooses the right he is exercising and voluntarily waives the right he is not exercising. "Such action insures a valid waiver of the defendant's right. It will also assist in any subsequent appellate review of a defendant's claim to the contrary." *Id.*

[¶ 20] We again emphasize that this is only a recommendation and not a required procedure. We also note that a defendant's attorney has a special duty to "ensure that the defendant has been advised of the full array of matters associated with the basic constitutional right to remain silent to the extent that they relate to the defendant's circumstances. This includes the benefits flowing from an exercise of that right at trial and the consequences stemming from a waiver of that right." *People v. Mozee*, 723 P.2d 117, 124 (Colo.1986). There is nothing in the record to indicate that was not done in this case.

[¶ 21] Having concluded that no error occurred in this case, there is no need to proceed with the remainder of the plain error analysis. The judgment and sentence of the district court is affirmed.