2012 WY 133

**Shawn Nathan STARRETT,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. S–11–0284.**

Supreme Court of Wyoming.

Oct. 18, 2012.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel; Wyoming Public Defender Program.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Assistant Attorney General.

Before KITE, C.J., and GOLDEN,[*] HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   This appeal presents a question of first impression whether a criminal defendant's judgment of conviction upon his plea of guilty to the felony of third degree sexual abuse of a minor must be set aside and he be permitted to plead anew because the district court failed to comply with Wyo. Stat. Ann. § 7–11–507 which states:

(a) **No judgment of conviction shall be entered upon a plea of guilty** or nolo contendere to any charge which may result in the disqualification of the defendant to possess firearms pursuant to the provisions of 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2) or other federal law **unless the defendant was advised in open court by the judge:**

(i) Of the collateral consequences that may arise from that conviction pursuant to the provisions of 18 U.S.C. §§ 921(a)(33), 922(g)(1), (9) and 924(a)(2); and

(ii) That if the defendant is a peace officer, member of the armed forces, hunting guide, security guard or engaged in any other profession or occupation requiring the carrying or possession of a firearm, that he may now, or in the future, lose the right to engage in that profession or occupation should he be convicted.

Wyo. Stat. Ann. § 7–11–507 (LexisNexis 2011) (emphasis added).

[¶ 2]   Shawn Nathan Starrett (Starrett) appeals the judgment of conviction entered by the district court upon his plea of guilty to third degree sexual abuse of a minor [1] after

---

[*] Justice Golden retired effective September 30, 2012

1.   A person commits third-degree sexual abuse of a minor if the actor is at least seventeen years old

reaching a plea agreement with the State. In their briefing, Starrett and the State agree the district court erred when it entered the judgment of conviction upon Starrett's guilty plea without advising him in open court that his felony conviction may result in his loss of the right to possess firearms and ammunition and to engage in a profession or occupation requiring the carrying or possession of a firearm under the provisions of the federal law referenced in the above-cited statute. Starrett and the State disagree, however, about the consequences of the district court's error. Starrett contends this Court must, under de novo review, set aside the judgment of conviction and remand to the district court where he is allowed to plead anew after that court advises him as the above-cited statute directs. The State, on the other hand, maintains that, because Starrett did not object to the district court's failed advisement, this Court must affirm the judgment of conviction since Starrett has not established the plain error prejudice prong, that is to say, he has not shown that his decision to plead guilty was influenced by his belief that under his felony conviction he would remain qualified to possess firearms and ammunition and to engage in a profession or occupation requiring his carrying or possession of a firearm.

[¶ 3] After thoughtful consideration and as explained below, we agree with Starrett's contention that we must undertake de novo review of the issue presented; and, having applied that review, we conclude the district court must obey the legislative command of Wyo. Stat. Ann. § 7–11–507 before entering the judgment of conviction upon Starrett's plea of guilty in this case. Consequently, we herewith set aside Starrett's judgment of conviction and remand this case to the district court with instructions to advise Starrett in open court as the statute provides and allow him to plead anew.

## ISSUE

[¶ 4] The State's issue statement adequately presents the issue before us:

and "knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and ... is at least

When a defendant seeks to plead guilty to a felony, a court must advise him, pursuant to Wyo. Stat. Ann. § 7–11–507, that federal law disqualifies felons from possessing firearms. The district court never advised Starrett of this consequence when he pled guilty to felony sexual abuse of a minor. Even so, can Starrett's conviction be affirmed because he does not suggest that receiving the advisement would have led him to plead differently?

## FACTS AND PROCEEDINGS

[¶ 5] On August 31, 2011, the district court entered a judgment of conviction and sentence against Starrett upon his plea of guilty to the charge of sexual abuse of a minor in the third degree, a felony in violation of Wyo. Stat. Ann. § 6–2–316(a)(iv), pursuant to a plea agreement between Starrett and the State. The charge was based on Starrett's sexual contact of the victim on April 27, 2011, in Rock Springs, Wyoming. The district court sentenced Starrett to imprisonment of not less than eight years and not more than twelve years with credit for time served and the required monetary assessments. Starrett and the State agree in their briefing on appeal, as the record makes clear, that the district court throughout the proceedings from arraignment through entry of the judgment of conviction and sentence advised Starrett of all the advisements required under the relevant Wyoming Rules of Criminal Procedure; and Starrett and the State agree that the district court failed to advise Starrett in open court of the consequences of his guilty plea under federal law as set forth in Wyo. Stat. Ann. § 7–11–507.

## DISCUSSION

[¶ 6] As a preliminary matter, we must determine the appropriate standard of review that is applicable to the issue presented in this appeal. As shall be seen, our determination of that standard of review will drive our answer to that issue.

four (4) years younger than the actor." Wyo. Stat. Ann. § 6–2–316(a)(iv) (LexisNexis 2011).

[¶ 7] Starrett insists that the applicable standard of review is de novo because the issue presented requires the interpretation and application of Wyo. Stat. Ann. § 7–11–507. The State, on the other hand, insists that the applicable standard of review is plain error because Starrett did not object or otherwise call the district court's attention to its failure to give the statutory advisement. More specifically, the State, while conceding that three of the four prongs of the plain error test exist in this record,[2] contends that Starrett has not satisfied the fourth prong of that test, namely, the district court's failure to give him in open court the statutory advisement adversely affected a substantial right resulting in material prejudice to him. *Mebane v. State,* 2012 WY 43, ¶ 9, 272 P.3d 327, 328 (Wyo.2012).

[¶ 8] In support of the State's contention that the plain error test is the applicable standard of review, the State relies on *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), and *Mebane.* In *Dominguez Benitez,* the criminal defendant's appeal of his conviction entered upon a plea of guilty concerned the trial court's failure to comply with F.R.Cr.P. 11(c)(3)(B) by not informing him he could not withdraw his guilty plea if the trial court did not accept the sentencing recommendation set forth in the plea agreement. The United States Supreme Court held that, in the case of a F.R.Cr.P. 11 error, the applicable standard of review is the plain error standard of F.R.Cr.P. 52(b). *Dominguez Benitez,* 542 U.S. at 81–83, 124 S.Ct. at 2339–40. In *Mebane,* the issue before us was whether the trial court adequately re-advised the criminal defendant of his right to remain silent immediately before he testified on his own behalf at trial after the State had rested its case-in-chief. *Mebane,* ¶¶ 4–5, 10, 272 P.3d at 328. The right-to-remain-silent advisement appears in W.R.Cr.P. 11(b)(3). Although we did not in *Mebane* identify W.R.Cr.P. 52(b), which addresses plain error, our decision in that case clearly applied the plain error test

to *Mebane's* claim of W.R.Cr.P. 11(b)(3) advisement error. Both *Dominguez Benitez* and *Mebane* then concern application of the plain error standard of review to a criminal defendant's claim of a Rule 11 advisement error.

[¶ 9] Starrett is not claiming a Rule 11 advisement error. Both he and the State agree that he is claiming a statutory advisement error under Wyo. Stat. Ann. § 7–11–507. Because this statute is at issue, Starrett naturally reasons that interpretation and application of this statute is necessary to determine the consequences of the district court's failure to advise him in open court of the consequences of his plea of guilty as set forth in that statute. He asserts, therefore, we must apply our de novo standard of review to the issue before us. Our rules of statutory interpretation and application are well-known:

> This court interprets statutes by giving effect to the legislature's intent.... We begin by making an inquiry relating to the ordinary and obvious meaning of the words employed according to their arrangement and connection.... We give effect to every word, clause, and sentence and construe together all components of a statute *in pari materia* .... Statutory interpretation is a question of law.... We review questions of law de novo without affording deference to the district court's decision. If a statute is clear and unambiguous, we simply give effect to its plain meaning. Only when we find a statute to be ambiguous do we resort to the general principles of statutory construction. An ambiguous statute is one whose meaning is uncertain because it is susceptible to more than one interpretation.

> It is a basic rule of statutory construction that courts may try to determine legislative intent by considering the type of statute being interpreted and what the legislature intended by the language

---

**2.** In *Rathbun v. State,* 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo.2011), we listed the four prongs of the plain error test:

> To establish plain error, the appellant must prove (1) the record clearly reflects the alleged

error; (2) the existence of a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him.

used, viewed in light of the objects and purposes to be accomplished....

We are guided by the full text of the statute, paying attention to its internal structure and the functional relation between the parts and the whole. Each word of a statute is to be afforded meaning, with none rendered superfluous. Further, the meaning afforded to a word should be that word's standard popular meaning unless another meaning is clearly intended. If the meaning of a word is unclear, it should be afforded the meaning that best accomplishes the statute's purpose.

In particular, we have repeatedly found the word "shall" in a statute to be mandatory. Where the legislature uses the word "shall," this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed. The choice of the word "shall" intimates an absence of discretion[.]

*In re MN*, 2007 WY 189, ¶¶ 4–5, 171 P.3d 1077, 1079–80 (Wyo.2007) (internal citations omitted and parentheses and some quotation marks omitted). We have also observed:

In addition, it is a well-known principle of law that courts are not free to legislate. The first rule of statutory construction is that legislative intent, not a court's perception of fairness, controls. *State Dept. of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994); *Olheiser v. State ex rel. Wyoming Workers' Compensation Div.*, 866 P.2d 768, 770 (Wyo.1994). It is not the court's prerogative to usurp the power of the legislature by deciding what should have been said. *Barber v. State Highway Commission*, 80 Wyo. 340, 342 P.2d 723, 725 (1959). The courts must follow, and cannot extend, statutory definitions. *State v. Weeden*, 17 Wyo. 418, 100 P. 114, 115 (1909). For over a century, Wyoming courts have recognized that it is their duty only to interpret and declare what the law is, not to be responsible for its defects. *Hamilton v. Territory of Wyoming*, 1 Wyo. 131, 135 (1873). And of specific importance to the instant case is the precept that exceptions not made by the legislature in a statute cannot be read

into it. *State ex rel. Peterson v. Ellsworth*, 59 Wyo. 288, 139 P.2d 744, 748 (1943). *Hede v. Gilstrap*, 2005 WY 24, ¶ 6, 107 P.3d 158, 163 (Wyo.2005).

[¶ 10] Starrett focuses on the mandatory tenor of Wyo. Stat. Ann. § 7–11–507 that "[n]o judgment of conviction shall be entered upon a plea of guilty ... unless the defendant was advised in open court by the judge...." We see that that statute does not contain within itself either a harmless error or plain error standard of review or other obvious element of flexibility. In essence, Starrett proclaims we must simply obey the legislative command: because the district court did not give him the advisement in open court, no judgment of conviction shall be entered upon his plea of guilty.

[¶ 11] Apart from the parties' arguments, our attention has been drawn to W.R.Cr.P. 32 entitled "Judgment and sentence," which contains a provision that a judgment of conviction upon a plea of guilty or nolo contendere **shall** include "[a]ny other advisements required by law or that the court deems appropriate." W.R.Cr.P. 32(b)(1)(E). Clearly the advisement of Wyo. Stat. Ann. § 7–11–507 is an advisement required by law. Clearly the district court's failure to give that specific advisement required by law is a Rule 32 error. On two recent occasions we have considered the consequences of Rule 32 errors. In *Trumbull v. State*, 2009 WY 103, 214 P.3d 978 (Wyo.2009), we considered a district court's failure to mention probation during the sentencing hearing and also in the written sentence as required by W.R.Cr.P. 32(c)(2)(D). We stated that our case law emphasizes "that the district court's handling of the issue of probation at sentencing involves a fundamental right, and we consider it too important to be decided on the basis of treating the district court's absolute silence as a tacit 'consideration' of probation." *Id.*, ¶ 16, 214 P.3d at 982. We held that the district court's failure to "meaningfully adhere to the requirement" of that Rule 32 provision required us to reverse the sentence imposed by the district court and remand to that court with directions to consider sentencing anew. *Id.*, ¶¶ 16–17, 214 P.3d at 982. Most recently, in *Clark v. State*, 2012 WY 61,

275 P.3d 488 (Wyo.2012), we revisited W.R.Cr.P. 32(c)(2)(D) because the district court failed to express in the written sentence that it had considered probation; but, in contrast to *Trumbull,* we noted the district court had at least stated during the sentencing hearing it had considered probation. *Id.,* ¶ 19, 275 P.3d at 494–95. Although we declined to order a new sentencing hearing as we had done in *Trumbull,* we did remand to the district court with directions to enter an amended sentence reflecting that it had considered probation in accordance with the rule. *Id.*

[¶ 12] We can discern no reason to treat the Rule 32 error in Starrett's case any differently from how we treated the Rule 32 error in *Trumbull* and *Clark.* Indeed, we find it unacceptable to require the district court to strictly adhere to some Rule 32 requirements but not to others, particularly when the other is the subject of legislation touching the fundamental right of our citizens to bear arms. Wyo. Const. art. 1, § 24 (the right of citizens to bear arms in defense of themselves and of the State shall not be denied). It is not to be forgotten that our legislature is the policy-making branch of our state government. *Rogers v. State,* 2008 WY 90, ¶ 18, 189 P.3d 265, 269–70 (Wyo.2008); *Union Pacific Resources Co. v. Dolenc,* 2004 WY 36, ¶ 21, 86 P.3d 1287, 1294–95 (Wyo. 2004). With the clear language of Wyo. Stat. Ann. § 7–11–507, the legislature has established public policy in this area of the particular federal firearm consequences which result from a felony guilty plea. We will not second guess the wisdom of that decision. Whether this statute represents sound public policy is not our concern. Members of this Court are vested with the authority to interpret this statute; but we do not possess either the expertise or the prerogative to make policy judgments. Those judgments are entrusted to our state's elected leaders, who can be removed from office on election day if our state's citizens disagree with those policy judgments. It does not fall to the courts to protect the citizens from the consequences of their political choices.

[¶ 13] Substantial support for our decision today is also found in persuasive author-

ity from sister jurisdictions in cases involving either the immigration consequences or firearms ban consequences of a guilty plea prescribed by the statutes in those jurisdictions. There are many jurisdictions having statutes requiring the trial judge to advise a noncitizen criminal defendant of the possible immigration consequences of a guilty plea. *See* John J. Francis, *Failure to Advise Non–Citizens of Immigration Consequences of Criminal Convictions: Should This Be Grounds to Withdraw a Guilty Plea?,* 36 U. Mich. J.L. Reform 691, 694 n. 13 (2002–2003). In the District of Columbia, for example, a run of court decisions from 1991 through 2010 under the District's statute mandating such advice holds that neither a plain error nor harmless error standard of review applies to the trial court's failure to give the non-citizen criminal defendant the statutorily required advice; instead, the appellate court will simply reverse the trial court's denial of the non-citizen criminal defendant's motion to withdraw a guilty plea and remand for further proceedings. *Bautista v. United States,* 10 A.3d 154 (D.C.2010) (per curiam); *Slytman v. United States,* 804 A.2d 1113 (D.C.2002); *Daramy v. United States,* 750 A.2d 552 (D.C.2000); and *Alpizar v. United States,* 595 A.2d 991 (D.C.1991). In *Slytman,* for example, the court of appeals rejected the government's advocating of the plain error standard of review which is applied to violations of F.R.Cr.P. 11, *see United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), explaining that the District's statute

> contains no standard of review or other obvious element of flexibility, as we noted in *Alpizar.* This is unsurprising given that the Council enacted § 16–713 to overcome "the reluctance of the courts to grant a motion to withdraw a guilty plea when the defendant had not been advised of potential consequences with respect to the prisoner's immigration status." *Daramy, supra,* 750 A.2d at 555–56. **We obey the legislative command.**

*Slytman,* 804 A.2d at 1118 (emphasis added).

[¶ 14] Following *Slytman,* that same court of appeals in *Bautista* reiterated "the courts must follow the legislative mandate

that strictly requires that an alien defendant be properly advised before a court will accept a plea of guilty." 10 A.3d at 160.

[¶ 15] In Ohio, another of the jurisdictions having a statute requiring trial courts to advise non-citizen defendants of the possible immigration consequences of a criminal conviction before accepting a guilty plea, the supreme court recognized that with such a statute the Ohio legislature "has created a substantive statutory right for certain criminal defendants and that this right therefore prevails over the general procedural provisions of [Ohio] Crim. R. 32.1" which contains a manifest injustice standard to govern a motion to withdraw a guilty or no contest plea after sentencing has occurred. *State v. Francis,* 104 Ohio St.3d 490, 820 N.E.2d 355, 359 (2004). In a separate opinion concurring in the judgment, Chief Justice Moyer emphasized the great importance of the legislature's use of the word "shall" in the statutory language "shall set aside the judgment and permit the defendant to withdraw a plea of guilty." *Id.* at 367. He noted that his court consistently holds that the word "shall" when used in a statute denotes that compliance with the commands of that statute is mandatory. *Id. See also Commonwealth v. Hilaire,* 437 Mass. 809, 777 N.E.2d 804 (2002), and *Commonwealth v. Soto,* 431 Mass. 340, 727 N.E.2d 811 (2000) (the words of the statute do not permit any other interpretation and the court is not free to ignore the clear expression of legislative intent).

[¶ 16] In our sister state of Montana we have found an interesting case discussing both the immigration consequences of a guilty plea and the firearms ban consequences of a guilty plea. In *State v. Liefert,* 309 Mont. 19, 43 P.3d 329 (2002), *cert. denied,* 537 U.S. 892, 123 S.Ct. 160, 154 L.Ed.2d 157 (2002), Liefert had pleaded guilty in justice of the peace court to domestic violence partner assault; was later charged under federal law with unlawfully possessing a firearm; and then sought to withdraw his guilty plea to the domestic violence charge, arguing good cause because the justice of the peace court had failed to inform him of the federal prohibition of firearm possession as a result of his state law domestic violence conviction.

After lower courts denied his motion to withdraw his guilty plea because the federal prohibition of firearm possession is a collateral consequence of his state conviction, Liefert appealed to the Montana Supreme Court where the only issue he presented was whether a trial court must inform a defendant during the plea colloquy of the federal firearm ban when the defendant is charged with domestic violence under the applicable state law. 43 P.3d at 333. Although Liefert advanced several points in his appeal, the one of interest to us was his argument that—just as courts are required under § 46–12–210(f), Montana Code Ann., to inform defendants that a guilty plea may have federal immigration consequences—courts should similarly be required to inform defendants of the federal firearm possession consequences when pleading guilty to domestic violence under state law. *Id.* at 334. Responding to that argument, the state attorney general asserted that the requirement regarding federal immigration law was a policy determination made by the Montana legislature, and any similar requirements regarding firearms possession must also be based on legislative action. *Id.*

[¶ 17] In rejecting Liefert's argument, the Montana Supreme Court agreed with the state's response, stating:

> [I]f Montana's courts are to inform defendants of other collateral consequences of a state guilty plea, such as the possibility of federal gun restrictions, such a requirement is properly left to the Legislature as a policy decision.

*Id.* at 336.

[¶ 18] Interestingly, the legislature in the State of Washington has made these policy decisions with both immigration consequences and firearms prohibition consequences. In *State v. Littlefair,* 112 Wash. App. 749, 51 P.3d 116 (2002), *review denied,* 149 Wash.2d 1020, 72 P.3d 761 (2003), the court considered the statute requiring advice of federal deportation consequences. Because the trial court had failed to advise the criminal defendant of those immigration consequences when the guilty plea was entered, the appellate court reversed and remanded. *Id.* at 126. Similarly, in *State v. Breitung,*

173 Wash.2d 393, 267 P.3d 1012, 1016–18 (2011), and *State v. Minor*, 162 Wash.2d 796, 174 P.3d 1162 (2008), because the trial courts failed to advise the criminal defendants of the firearms prohibition consequences of their guilty pleas, the appellate courts reversed the convictions.

[¶ 19]   In summary, we hold that we must apply our de novo standard of review to the issue before us because that issue requires our interpretation and application of a statute.   We hold that Wyo. Stat. Ann. § 7–11–507 is clear and unambiguous; therefore, we must simply give effect to its plain meaning.   We hold that, because the legislature has used the word "shall" in its language, "[n]o judgment of conviction shall be entered upon a plea of guilty ... unless the defendant was advised in open court by the judge," this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed. The word "shall" is this statute intimates an absence of discretion.   The advisement in Wyo. Stat. Ann. § 7–11–507 is required, and W.R.Cr.P. 32(b)(1)(E) mandates that the judgment of conviction upon Starrett's plea of guilty must include that advisement.   The district court's failure to give Starrett that required advisement was a Rule 32 error. Consistent with our precedent dealing with Rule 32 error, we hold that the district court's failure to include in Starrett's judgment of conviction upon his plea of guilty the advisement required by Wyo. Stat. Ann. § 7–11–507 requires us to set aside Starrett's judgment of conviction and remand to that court with directions that he be permitted to plead anew.   It is so ordered.