# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 107

*April Term, A.D. 2014*

*August 20, 2014*

CHRISTOPHER WARDELL JONES,

**Appellant**
**(Defendant),**

**v.**                                                    S-14-0051

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

### ORDER AFFIRMING THE JUDGMENT AND SENTENCE OF THE DISTRICT COURT

[¶1]    **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court.  Pursuant to a plea agreement, Appellant entered unconditional guilty pleas to one count of conspiracy to commit forgery and one count of misdemeanor possession of cocaine.  This is Appellant's direct appeal from the resulting convictions.   On May 27, 2014, Appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  Following a careful review of the record and the "*Anders* brief" submitted by counsel, this Court, on June 17, 2014, entered its "Order Granting Motion for Court-Appointed Counsel to Withdraw."  That Order notified Appellant that the District Court's December 13, 2013 "Judgment and Sentence" would be affirmed unless, on or before August 4, 2014, Appellant filed a brief that persuaded this Court that the captioned appeal is not wholly frivolous.  In said Order, the Court also provided notice that

> ***** at the conclusion of this matter, it will order the district court to enter
> an amended judgment and sentence to correct an omission.  The Court will
> order the judgment to specify that Appellant is jointly and severally liable
> for restitution.   Such liability was part of the stipulated sentencing

agreement in this matter. W.R.Cr.P. 11(e)(1)(C). Also, this Court takes judicial notice that Appellant's co-defendant is jointly and severally liable for restitution to the victim in this matter. *See State v. Natasha Rae Dorman*, Natrona County Criminal Action 19396-B, Judgment and Sentence entered 2/11/2014. It would be inconsistent for Appellant to be otherwise. *See also Bush v. State*, 2003 WY 156, ¶ 26, 79 P.3d 1178, 1187 (Wyo. 2003) ("The trial court additionally ordered that Bush's obligation be joint and several with Sparby's ordered restitution to assure that the victim would not receive a windfall.").

[¶2]    This Court also finds the Judgment and Sentence should be corrected in one further respect. The Court notes that, although Appellant was given an adequate firearms advisement (as required by Wyo. Stat. Ann. § 7-11-507(a)), the district court's "Judgment and Sentence" does not include a statement to that effect, as required by W.R.Cr.P. 32(b)(1)(E) and *Starrett v. State*, 2012 WY 133, ¶¶ 11-12, 19, 286 P.3d 1033, 1037-38, 1040 (Wyo. 2012).

[¶3]    Now, taking note that Appellant, Christopher Wardell Jones, has not filed a brief or other pleading within the time allotted, the Court finds that the district court's "Judgment and Sentence" should be affirmed and that this matter should be remanded for the corrections noted above. It is, therefore,

[¶4]    **ORDERED** that the District Court's December 13, 2013 "Judgment and Sentence" be, and the same hereby is, affirmed; and it is further

[¶5]    **ORDERED** that this matter is remanded to the district court for entry of an amended Judgment and Sentence, which shall include a provision for joint and several liability and shall also include the firearms advisement required by Wyo. Stat. Ann. § 7-11-507(a).

[¶6]    **DATED** this 20th day of August, 2014.

BY THE COURT:

/s/

E. JAMES BURKE
Chief Justice