# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 130

*October Term, A.D. 2014*

**October 16, 2014**

AMBER RAE MACKENZIE,

**Appellant**
**(Defendant),**

**v.**                                                       **S-14-0157**

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

## ORDER AFFIRMING THE DISTRICT COURT'S "ORDER OF DISPOSITION AND ORDER OF PROBATION"

[¶1]    **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court.  In 2013, Appellant entered an unconditional guilty plea to one count of burglary.  Appellant was sentenced to probation, but that probation was later revoked.  Appellant filed this appeal to challenge the district court's April 18, 2014, "Order of Disposition and Order of Probation."  On July 28, 2014, Appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  Following a careful review of the record and the "*Anders* brief" submitted by appellate counsel, this Court, on August 19, 2014, entered its "Order Granting Permission for Court-Appointed Counsel to Withdraw."  That Order notified Appellant that the district court's "Order of Disposition and Order of Probation" would be affirmed unless, on or before October 6, 2014, Appellant filed a brief that persuaded this Court that the captioned appeal is not frivolous.  In this Court's order, the Court also provided notice that

> ***** at the conclusion of this matter, it will order the district court to examine the matter of credit for time served. This Court notes that, at the hearing where Appellant was given a deferral pursuant to Wyo. Stat. Ann. §

7-13-301, the prosecuting attorney stated that Appellant was entitled to 44 days of credit for time served. In the resulting "Order of Probation," the district court stated Appellant would receive credit for time served in jail, but it did not specify the number of days. Later, after Appellant's "301" probation was revoked, the district court awarded Appellant 33 days of credit, in the "Order of Disposition and Order of Probation." It appears to this Court that Appellant may be entitled to an additional 44 days of credit for time served.

[¶2] This Court also finds the "Order of Disposition and Order of Probation" should be corrected in one respect. The Court notes that, although Appellant was given an adequate firearms advisement (as required by Wyo. Stat. Ann. § 7-11-507(a)), the district court's "Order of Disposition and Order of Probation" does not include a statement to that effect, as required by W.R.Cr.P. 32(b)(1)(E) and *Starrett v. State,* 2012 WY 133, ¶¶ 11-12, 19, 286 P.3d 1033, 1037-38, 1040 (Wyo. 2012).

[¶3] Now, taking note that Appellant, Amber Rae MacKenzie, has not filed a brief or other pleading within the time allotted, the Court finds that the district court's "Order of Disposition and Order of Probation" should be affirmed. It is, therefore,

[¶4]  **ORDERED** that the district court's April 18, 2014, "Order of Disposition and Order of Probation" be, and the same hereby is, affirmed, subject to the corrections noted below; and it is further

[¶5]  **ORDERED** that this matter is remanded to the district court for that court to examine the question of credit for time served, as noted above; and it is further

[¶6]  **ORDERED** that the district court shall enter an amended "Order of Disposition and Order of Probation," which shall include the firearms advisement required by Wyo. Stat. Ann. § 7-11-507(a) and W.R.Cr.P. 32(b)(1)(E).

[¶7]  **DATED** this 16th day of October, 2014.

BY THE COURT:

/s/

**E. JAMES BURKE**
**Chief Justice**