2005 WY 56

**Richard Dale BECK, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 04–84.**

Supreme Court of Wyoming.

May 3, 2005.

Representing Appellant: Pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

KITE, Justice.

[¶1]   Richard Dale Beck pled guilty to one count of felony interference with a peace officer and one count of using a firearm in the course of committing a felony.   He was sentenced to two consecutive terms of imprisonment, and did not appeal that judgment and sentence.   Mr. Beck subsequently sought a sentence reduction to concurrent terms, which was denied.   He then filed a motion to correct a clerical mistake pursuant to W.R.Cr.P. 36, requesting the same relief, which the district court also denied.   We affirm.

## ISSUES

[¶2]   The issue before this Court is whether the district court properly denied Mr. Beck's motion to correct a clerical mistake.

## FACTS

[¶3]   On July 30, 2001, Patrol Sergeant Glasgow of the Fremont County Sheriff's Office went to Mr. Beck's residence to arrest him pursuant to an order entered in an unre-

lated civil domestic relations matter. When the officer began to handcuff Mr. Beck outside of his home, Mr. Beck broke free and ran toward his front door. A struggle ensued, and the officer managed to get his foot in the door and sprayed Mr. Beck with pepper spray. Mr. Beck then ran to his bedroom, produced a revolver from under some pillows, and pointed it at the officer. The two men struggled before the officer wrestled the gun from Mr. Beck. In doing so, the officer injured his left hand. The officer then drew his own weapon and ordered Mr. Beck to the floor, handcuffed him, and escorted him to his patrol car.

[¶4] As a result of this altercation, Mr. Beck was charged with attempted second-degree murder pursuant to Wyo. Stat. Ann. §§ 6–2–104(b) and 6–1–301(a)(i) (LexisNexis 2003). However, he later pled guilty to one count of felony interference with a peace officer, Wyo. Stat. Ann. § 6–5–204 (LexisNexis 2003), and one count of using a firearm in the course of committing a felony, Wyo. Stat. Ann. § 6–8–101(a) (LexisNexis 2003), each of which carry a maximum sentence of 10 years imprisonment. As part of the plea agreement, the parties stipulated that, given the facts of the case, the doctrine of merger, addressed in *Bilderback v. State*, 13 P.3d 249, 255 (Wyo.2000), did not apply. After accepting the plea agreement and Mr. Beck's plea, the district court sentenced Mr. Beck to two terms of 9–10 years of imprisonment to be served consecutively.

[¶5] Mr. Beck did not appeal the district court's judgment and sentence. However, in January 2003, he filed a *pro se* motion for sentence reduction seeking to have his sentence reduced to two concurrent terms of 3 to 5 years. Mr. Beck also filed an amended motion for sentence reduction[1] in which he further claimed that his sentences violated *Bilderback*, and should have merged. His motions were denied and no appeal was filed.

[¶6] On September 26, 2003, Mr. Beck filed a motion entitled "Motion to Correct Clerical Mistake Pursuant to Wy.R.Crim.P. Rule 36[sic]." In that motion, he argued that the district court's imposition of consecutive, rather than concurrent, sentences was a cler-

ical mistake and also was in violation of *Bilderback's* merger rule. The district court denied Mr. Beck's motion and he filed a timely notice of appeal.

## DISCUSSION

[¶7] W.R.Cr.P. 36 applies to clerical mistakes. It provides:

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

[¶8] This rule is intended to correct clerical, not judicial, errors. *Kearns v. State*, 2002 WY 97, ¶27, 48 P.3d 1090, ¶27 (Wyo. 2002). We must, therefore, determine whether the judge's order constituted a clerical error or a judicial error, the latter of which does not fall within the remedial provisions of W.R.Cr.P. 36. *Id.* If the error was clerical, we then review the trial court's order to ascertain whether it altered or modified the original judgment. This Court has previously distinguished the two types of errors by explaining that " 'all errors, mistakes, or omissions which are not the result of the exercise of the judicial function' may be called clerical errors, while a judicial error is one that is 'the deliberate result of judicial reasoning and determination.' " *Id.* We have further illuminated the difference between the two types of errors:

It is said in 30 Am.Jurisprudence 876: "The authority of the court in this connection does not extend beyond the power to make the journal entry speak the truth, and may be exercised only to supply omissions in the exercise of functions which are clerical merely. It is, however, often difficult to distinguish between clerical and judicial errors. The distinction between a clerical error and a judicial one is not dependent upon its source. Clerical errors may include mistakes in papers evidencing the judgment of the court made by the court itself." In 126 A.L.R. 977, it is stated: "Clerical errors in judgments, orders,

---

1. He titled this second motion "Amended Post–Conviction 35(b) Pursuant to W.R.Cri.P. [sic]."

or decrees are not, by the majority rule, limited to mistakes of the clerk, but include also errors made by the judge where of a clerical or ministerial nature." In 126 A.L.R. 978, it is stated: "Although an error in a judgment, order, or decree was originally made by an attorney when preparing the same for the signature of the judge or clerk, it may none the less be a 'clerical' error." In Sec. 146, Freeman on Judgments, 5th Ed., the author states: "But 'clerical' is employed in a broad sense as contradistinguished from 'judicial' error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge. Mistakes of the court are not necessarily judicial error. Thus if the judgment or some provision in it was the result of inadvertence, as where the court was laboring under a mistake or misapprehension as to the state of the record or as to some extrinsic fact, but for which a different judgment would have been rendered, the judgment may be vacated or may be corrected to correspond with what it would have been but for the inadvertence or mistake."

*Holmes v. Holmes*, 66 Wyo. 317, 211 P.2d 946, 953 (Wyo.1949).

■ [¶ 9]  The action to which Mr. Beck objects, namely the imposition of consecutive terms instead of concurrent terms, is a result of judicial, not clerical, action. In addition, Mr. Beck's asserted "mistake" was not a mistake at all, but the product of a written and signed plea agreement, which Mr. Beck approved. Thus, Rule 36 provides Mr. Beck no relief.

■ [¶ 10]  In his motion, Mr. Beck also attempted to raise the issue of double jeopardy contending the merger rule of *Bilderback* should apply to his case and would have resulted in one sentence instead of two. That effort must fail for three reasons. First, the issue is barred by the doctrine of res judicata which prevents the relitigation of claims raised and determined in earlier proceedings. *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, ¶ 6 (Wyo.2005). Mr. Beck did not challenge his sentence or the denial of his motion for sentence reduction, in which he asserted double jeopardy, and he cannot do so now.

■ [¶ 11]  Second, *Bilderback* would not have applied to Mr. Beck even if he had properly raised the issue because, in his case, different acts resulted in separate and distinct violations of two different statutes, felony interference with a peace office and using a firearm in the course of committing a felony.

■ [¶ 12]  Third, Mr. Beck waived any merger claim when he entered his guilty pleas pursuant to his plea agreement with the State. A criminal defendant may waive any personal right "so long as there is no violation of public policy and the public's interests are not thereby jeopardized." *Meerscheidt v. State*, 931 P.2d 220, 225 (Wyo. 1997) (citation omitted). Such a waiver must be knowingly and intelligently given. *Id.* Mr. Beck signed the written plea agreement, after consultation with his attorney, which explicitly stated:

> It is further understood and agreed by the parties, in the context of the decision of the court in *Bilderback v. State*, 13 P.3d 249 (Wyo.2000) that the doctrine of merger does not apply under the facts of this case. The parties stipulate and agree that the acts by the defendant constituting Felony Interference With a Police Officer commenced when the defendant and Deputy Glasgow initially engaged in a physical confrontation and struggle at the front door of the defendant's residence, continued with the defendant's obtaining and threatening Deputy Glasgow with a pistol in the living room, and ended only when the defendant was disarmed and subdued by Deputy Glasgow in the bedroom portion of the residence.

Furthermore, the following exchange occurred between the district court and Mr. Beck at the change of plea hearing:

THE COURT: And you have stipulated that the acts by you constituting felony interference with the officer, and also the acts which constituted using a firearm while committing a felony are separate acts, and they don't merge into each other. They don't merge. Maybe I am just confusing you more.

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand that?

THE DEFENDANT: Yes.

THE COURT: And I'm certain that you— do you have any questions about that?

THE DEFENDANT: No, Your Honor.

THE COURT: Because there are some instances where people can plead or be found guilty of two felonies. And for purposes of sentencing, they can merge into one crime. And so the defendant can only be sentenced on one crime.

THE DEFENDANT: Yes, Your Honor.

THE COURT: But you have agreed that this is not the case in your case?

DEFENDANT'S ATTORNEY: Specifically, Your Honor, we have agreed that there are two offenses. The State reserves the right to argue that those sentences be imposed consecutively, and we reserve the right to argue that they should be imposed concurrently.

THE COURT: Okay. Thank you for clarifying that.

DEFENDANT'S ATTORNEY: And I have gone over that several times with [Mr. Beck].

THE COURT: And you understand that, Mr. Beck?

DEFENDANT: Yes, Your Honor.

As the record shows, Mr. Beck fully understood his right to argue merger and knowingly and intelligently waived it.

## CONCLUSION

[¶ 13] The district court's denial of Mr. Beck's motion to correct a clerical mistake was proper and the decision is affirmed.

VOIGT, J., files a specially concurring opinion.

VOIGT, Justice, specially concurring.

[¶ 14] I concur in the result, but this appeal should be dismissed. *See Patrick v. State,* 2005 WY 32, ¶¶ 19–21, 108 P.3d 838, 844 (Wyo.2005) (Voigt, J. dissenting). The appellant filed his motion to correct a clerical mistake on September 26, 2003. Neither W.R.Cr.P. 36, nor W.R.Cr.P. 47, establishes a procedure for the district court's timely determination of such a motion. In such event, W.R.Cr.P. 1(a) leads to the application of W.R.C.P. 6(c)(2), which states that a motion not determined within ninety days of filing is deemed denied. W.R.A.P. 2.01(a), in turn, requires that an appeal be filed within thirty days from entry of the appealable order. The appellant's motion was deemed denied on December 26, 2003, and the time for appealing that denial expired on January 26, 2004. *See Paxton Resources, L.L.C. v. Brannaman,* 2004 WY 93, ¶¶ 4–18, 95 P.3d 796, 798–802 (Wyo.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 976, 160 L.Ed.2d 901 (2005) (application of W.R.A.P. 2.01 and 2.02 in a deemed-denied situation). The district court's purported denial of the motion on February 27, 2004, had no effect because the district court lacked jurisdiction.