# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 142

*October Term, A.D. 2013*

*November 14, 2013*

TAYLOR FORREST COBB,

Appellant
(Defendant),

v.                                                                  S-13-0175

THE STATE OF WYOMING,

Appellee
(Plaintiff).

## ORDER REVERSING JUDGMENT AND SENTENCE

[¶1]     **This matter** came before the Court upon a "Stipulated Motion for Reversal and Remand," e-filed herein October 28, 2013.  After a careful review of the motion and the file, this Court finds as follows.  Appellant pled guilty to three offenses:  (1) possession of cocaine, a felony; (2) possession of marijuana, a misdemeanor; and (3) possession of heroin, a misdemeanor.  Prior to entering his pleas, Appellant was advised that, if convicted of a felony, he would lose his "right to possess firearms under federal law."  The district court's "Judgment and Sentence" was entered on July 31, 2013

[¶2]     In his appellate brief, Appellant contends that his felony conviction should be reversed because he was not given the firearms advisement required by Wyo. Stat. Ann. § 7-11-507.  The State of Wyoming agrees.

[¶3]     This Court agrees as well.  While the district court firearms advisement satisfied § 7-11-507(a)(i), the advisement did not satisfy § 7-11-507(a)(ii).  Here is what that statute requires:

> § 7-11-507.     Advisement of loss of firearms rights upon conviction.
>
> (a) No judgment of conviction shall be entered upon a plea of guilty or nolo contendere to any charge which may result in the disqualification of the defendant to possess firearms pursuant to the provisions of 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2) or

other federal law unless the defendant was advised in open court by the judge:

> (i) Of the collateral consequences that may arise from that conviction pursuant to the provisions of 18 U.S.C. §§ 921(a)(33), 922(g)(1), (9) and 924(a)(2); and

> (ii) That if the defendant is a peace officer, member of the armed forces, hunting guide, security guard or engaged in any other profession or occupation requiring the carrying or possession of a firearm, that he may now, or in the future, lose the right to engage in that profession or occupation should he be convicted.

As this Court has noted, "the legislature directed that no judgment of conviction be entered without advisement as to the potential loss of firearms privileges and its effect on employment in occupations requiring an employee to possess a gun." *Balderson v. State*, 2013 WY 107, ¶ 21, 309 P.3d 809 (Wyo. 2013) (emphasis supplied). Therefore, based on *Balderson* and *Starrett v. State*, 2012 WY 133, 286 P.3d 1033 (Wyo. 2012), we reverse Appellant's conviction and sentence for felony possession of cocaine. It is, therefore,

[¶4]     **ORDERED** that Appellant's conviction for felony possession of cocaine, which is contained in the district court's July 31, 2013, "Judgment and Sentence" be, and hereby is, reversed and vacated. This matter is remanded to the district court for proceedings consistent with this order.

[¶5]     **DATED** this 14th day of November, 2013.

**BY THE COURT\*:**

/s/

**MARILYN S. KITE**
**Chief Justice**

\* Justice Hill would have denied the motion and required the State of Wyoming to file a brief.