# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2014 WY 24

*October Term, A.D. 2013*

*February 20, 2014*

| | |
|---|---|
| BLAS PEDRAZA, JR., | |
| Appellant<br>(Defendant), | |
| v. | S-13-0254, S-13-0255 |
| THE STATE OF WYOMING, | |
| Appellee<br>(Plaintiff). | |

## ORDER REVERSING CONVICTIONS

[¶1]     **This matter** came before the Court upon a "Stipulated Motion to Reverse and Remand," e-filed herein January 28, 2014.  After a careful review of the motion and the file, this Court finds as follows.  In two dockets, Appellant pled guilty or "no contest" to nine felonies:  two counts of sexual abuse of a minor in the first degree and seven counts of sexual abuse of a minor in the second degree.  According to Appellant's briefs, prior to entering his pleas, the district court advised, in both cases, as follows:  "as a result of these being felonies, if you were…. convicted, plead guilty to them, you could lose some of your civil rights, the right to vote, your right to hold public office, and your right to bear firearms by federal law."  In his briefs, Appellant contends that his convictions should be reversed because he was not given the firearms advisement required by Wyo. Stat. Ann. § 7-11-507.  The State of Wyoming agrees.

[¶2]     This Court agrees as well.  While the district court's firearms advisements likely satisfied § 7-11-507(a)(i), the advisement did not satisfy § 7-11-507(a)(ii).  Here is what that statute requires:

> § 7-11-507.  Advisement of loss of firearms rights upon conviction.
>
> (a) No judgment of conviction shall be entered upon a plea of guilty or nolo contendere to any charge which may result in the disqualification of the defendant to possess firearms pursuant to the provisions of 18 U.S.C. §§ 922(g)(1), (9) and

924(a)(2) or other federal law unless the defendant was advised in open court by the judge:

(i) Of the collateral consequences that may arise from that conviction pursuant to the provisions of 18 U.S.C. §§ 921(a)(33), 922(g)(1), (9) and 924(a)(2); and

(ii) That if the defendant is a peace officer, member of the armed forces, hunting guide, security guard or engaged in any other profession or occupation requiring the carrying or possession of a firearm, that he may now, or in the future, lose the right to engage in that profession or occupation should he be convicted.

As this Court has noted, "the legislature directed that no judgment of conviction be entered without advisement as to the potential loss of firearms privileges <u>and</u> its effect on employment in occupations requiring an employee to possess a gun." *Balderson v. State*, 2013 WY 107, ¶ 21, 309 P.3d 809 (Wyo. 2013) (emphasis supplied). Therefore, based on *Balderson*, *Starrett v. State*, 2012 WY 133, 286 P.3d 1033 (Wyo. 2012) and *Cobb v. State*, 2013 WY 142, 312 P.3d 827 (Wyo. 2013), this Court must reverse Appellant's convictions. It is, therefore,

[¶3]    **ORDERED** that the "Judgment and Sentence" entered on August 30, 2013, in Washakie County District Court Criminal No. 2012-0025, be, and hereby is, reversed and vacated; and it is further

[¶4]    **ORDERED** that the "Judgment and Sentence" entered on August 30, 2013, in Washakie County District Court, Criminal No. 2013-0007, be, and hereby is, reversed and vacated. These matters are remanded to the district court for proceedings consistent with this order.

[¶5]    **DATED** this 20th day of February, 2014.

BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**