# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2014 WY 57

*April Term, A.D. 2014*

*May 7, 2014*

ROBERT J. PARKS,

**Appellant**
**(Defendant),**

**v.**                                          S-13-0278

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

## ORDER REVERSING JUDGMENT AND SENTENCE

**This matter** came before the Court upon a "Stipulated Motion to Reverse and Remand," e-filed herein April 23, 2014. After a careful review of the motion and the file, this Court finds as follows. Appellant pled guilty to two felonies: kidnapping and sexual abuse of a minor in the first degree. According to Appellant's brief, prior to entry of those pleas, the district court advised Appellant that he could lose the "right to own and possess certain types of weapons." In his brief, Appellant contends his convictions should be reversed because he was not given the firearms advisement required by Wyo. Stat. Ann. § 7-11-507. The State of Wyoming agrees.

This Court agrees as well. While the district court's firearms advisement likely satisfied § 7-11-507(a)(i), the advisement did not satisfy § 7-11-507(a)(ii). Here is what that statute requires:

> § 7-11-507. Advisement of loss of firearms rights upon conviction.
> (a) No judgment of conviction shall be entered upon a plea of guilty or nolo contendere to any charge which may result in the disqualification of the defendant to possess firearms pursuant to the provisions of 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2) or other federal law unless the defendant was advised in open court by the judge:
> (i) Of the collateral consequences that may arise from that conviction pursuant to the provisions of 18 U.S.C. §§ 921(a)(33), 922(g)(1), (9) and 924(a)(2); and

(ii) That if the defendant is a peace officer, member of the armed forces, hunting guide, security guard or engaged in any other profession or occupation requiring the carrying or possession of a firearm, that he may now, or in the future, lose the right to engage in that profession or occupation should he be convicted.

As this Court has noted, "the legislature directed that no judgment of conviction be entered without advisement as to the potential loss of firearms privileges <u>and</u> its effect on employment in occupations requiring an employee to possess a gun." *Balderson v. State*, 2013 WY 107, ¶ 21, 309 P.3d 809 (Wyo. 2013) (emphasis supplied). Therefore, based on *Balderson*, *Starrett v. State*, 2012 WY 133, 286 P.3d 1033 (Wyo. 2012); *Cobb v. State*, 2013 WY 142, 312 P.3d 827 (Wyo. 2013), and *Pedraza v. State*, 2014 WY 24, 318 P.3d 812 (Wyo. 2014) this Court must reverse Appellant's convictions. It is, therefore,

**ORDERED** that the "Judgment and Sentence" entered on August 16, 2013, in Converse County District Court Criminal Action No. 4432, be, and hereby is, reversed and vacated. This matter is remanded to the district court for proceedings consistent with this order.

**DATED** this 7th day of May, 2014.

**BY THE COURT:**

/s/

**MARILYN S. KITE**
**Chief Justice**