# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 57

APRIL TERM, A.D. 2026

May 27, 2026

THE STATE OF WYOMING,

Petitioner,

v.

S-25-0207

CAMERON MICHAEL BONI,

Respondent.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Petitioner:*
    Keith G. Kautz, Attorney General, Jenny L. Craig, Deputy Attorney General, Kristen R. Jones, Senior Assistant Attorney General, Donovan Burton, Assistant Attorney General. Larry Eichele, Deputy County and Prosecuting Attorney, Cody, Wyoming. Argument by Mr. Burton.

*Representing Respondent:*
    Timothy Blatt, Blatt Law Firm, Cody, Wyoming. Argument by Mr. Blatt.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Chief Justice.**

[¶1]    Cameron Michael Boni pleaded guilty to two counts of aggravated assault and battery. The district court sentenced him to nine to 10 years imprisonment under a plea agreement. Mr. Boni later filed a motion to modify his sentence under W.R.Cr.P. 35(b). The State argued Mr. Boni waived the right to file such a motion in his plea agreement, but the district court nonetheless reduced the remainder of Mr. Boni's sentence to supervised probation. We granted the State's petition for a writ of review, and now reverse.

## ISSUE

[¶2]    This appeal presents one issue: whether the district court erred when it granted Mr. Boni's W.R.Cr.P. 35(b) motion.

## FACTS

[¶3]    The facts relating to Mr. Boni's charges are generally undisputed. In May 2023, Mr. Boni drove his car through Powell, Wyoming at up to 143 miles per hour and collided with four separate vehicles before his car was no longer drivable. Mr. Boni explained to law enforcement officers that he was traveling from Burlington, Wyoming toward Lovell, Wyoming when he felt like someone was following him. He further explained that people knew he would soon receive a large sum of money and he believed someone rigged his car to explode. Mr. Boni told the officers his car smelled like carbon and several cars had tried to form barricades on the road to stop him. Officers performed field sobriety tests; Mr. Boni showed no signs of impairment. They also performed a breath test, which was negative for alcohol.

[¶4]    The State charged Mr. Boni with two counts of aggravated assault and battery, one count of property destruction and defacement, and one count of operating a motor vehicle without liability insurance. It also charged Mr. Boni as a habitual criminal under Wyo. Stat. Ann. § 6-10-201(a) (2023) based on his previous felony convictions.

[¶5]    Mr. Boni moved for, and the circuit court ordered, an evaluation to determine whether he was competent to proceed in his defense. The evaluator determined he was not fit to proceed. The circuit court entered an order finding the same and suspending proceedings. The court found there was a probability Mr. Boni's competency could be restored and committed him to the Wyoming State Hospital. A later evaluation found Mr. Boni was fit to proceed. Mr. Boni's case resumed in district court after he waived his preliminary hearing. Mr. Boni pleaded not guilty and not guilty by reason of mental illness or deficiency.

1

[¶6]    The district court ordered Mr. Boni be evaluated as required by Wyo. Stat. Ann. § 7-11-304(d) (2023) after his not guilty by reason of mental illness or deficiency plea. The designated examiner concluded that at the time of the offenses, Mr. Boni had "a major mental illness or deficiency that would constitute a severely abnormal mental condition that would grossly and demonstrably impair his perception or understanding of reality," and he "lack[ed] substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law[.]"

[¶7]    Mr. Boni and the State then entered into a plea agreement. In exchange for Mr. Boni's guilty plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed.2d 162 (1970),[1] the State agreed to dismiss the property destruction charge and the habitual criminal sentencing enhancement on his two aggravated assault and battery charges. The State also agreed to dismiss the charge for lack of insurance at sentencing if Mr. Boni could show his vehicle was insured on the date of his offenses, which he ultimately did. The district court acknowledged it was bound by the plea agreement under W.R.Cr.P. 11(e)(1)(C) if it accepted the terms. The court outlined the plea agreement terms, including Mr. Boni's waiver of his right to file a W.R.Cr.P. 35(b) motion:

> In addition to that, Mr. Boni, the plea agreement also contemplates that under Wyoming Rule Criminal Procedure 35, that you would effectively waive your right to file a motion for sentence modification or adjustment. What that means is within one year from the date of your sentencing, you could file a motion. Within a reasonable time thereafter, we could have a hearing on that, and you could make an argument that, Judge, I want my sentence modified, adjusted in some way.
>
> You could request that perhaps the supervised probation be converted to unsupervised or the term and duration of probation be reduced, but I can tell you that by accepting this plea agreement, you waive that right. You will not have the ability to file a motion. If you do so, it would be deemed void on its face based on this agreement.

Mr. Boni indicated he understood the waiver.

---

[1] "An *Alford* plea involves the court's acceptance of the plea when the defendant simultaneously professes his innocence[.]" *Fuentes v. State*, 2026 WY 36, ¶ 1 n.1, 586 P.3d 1058, 1060 n.1 (Wyo. 2026) (quoting *Kruger v. State*, 2012 WY 2, ¶ 42, 268 P.3d 248, 256 (Wyo. 2012)).

[¶8]    The district court sentenced Mr. Boni to concurrent sentences of nine to 10 years on the two aggravated assault and battery counts, with credit for time served, consistent with the plea agreement. In its sentencing order, the district court stated it would "grant no further sentence reduction in this matter pursuant to Wyo. R. Crim. P. 35(b) except to correct an illegal sentence."

[¶9]    Several months later, Mr. Boni filed a "motion for sentence modification." In his motion he argued "his incarceration at the State Penitentiary has been an extreme hardship and is in violation of the 8th amendment against Cruel and Unusual Punishment,"[2] and claimed the district court told him "that if he had no violations the [c]ourt would consider a sentence modification upon the filing of a timely request." Mr. Boni explained he had a strong support system to monitor him if he was released. He argued it "would be in the interests of justice" for the court to modify his sentence. The State responded, arguing the district court should automatically deny the motion based on Mr. Boni's waiver.

[¶10]   The district court held a hearing. Several of Mr. Boni's friends and family members testified, explaining the difficulties he had experienced while incarcerated due to his mental health issues, as well as the support system he would have if he was released. The district court reserved ruling on Mr. Boni's motion and requested Mr. Boni execute a release for the Department of Corrections to inform the court of any mental health services Mr. Boni was receiving and his general progress while incarcerated. Mr. Boni's caseworker informed the court that Mr. Boni had displayed positive behavior and work ethic, but had not received any mental health treatment.

[¶11]   The district court held a second hearing. Mr. Boni argued the court could allow his motion and grant it under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) if enforcing his waiver would result in a miscarriage of justice. The district court determined it had not "denied any and all right to modify the sentence." It found the case presented issues of "extreme hardship" and "humanitarian concerns." It explained it was "proposing a change in the sentence, but . . . would classify it as a sentence modification rather than a sentence reduction." The court orally ordered Mr. Boni's sentence "modified to credit for time served" with five years of supervised probation. It entered a written order stating its intent to rely on *Hahn* and grant Mr. Boni's motion, but offered the parties an opportunity to exchange briefing.

[¶12]   The parties briefed the district court on Mr. Boni's motion. The district court entered another written "order granting reduction of sentence." It reviewed the circumstances of Mr. Boni's offenses, his mental health history as documented by his

---

[2] Despite this initial reference to the Eighth Amendment, Mr. Boni did not continue to argue under the Eighth Amendment or otherwise argue his sentence was illegal.

multiple evaluations, and his plea agreement. Based on its recitation of the plea agreement at the change of plea hearing,[3] it concluded the plea agreement prohibited a sentence "modification," but not a sentence "reduction." The court then found Mr. Boni's circumstances—lack of disciplinary issues while incarcerated, lack of previous mental health treatment, need for further mental health treatment, potential exacerbation of mental health issues if he remained incarcerated, and strong family and community support—weighed in favor of a sentence reduction.

[¶13]   The district court ordered Mr. Boni's sentences be changed as follows:

> 1.  The sentence imposed in Count I, Aggravated Assault, is ***reduced*** to time served as of August 20, 2025, with the balance of the sentence suspended with five (5) years of supervised probation, with the specific terms and conditions to be set forth herein;
>
> 2.  The sentence imposed in Count IV, Aggravated Assault, is ***modified*** to time served as of August 20, 2025, with the balance of the sentence suspended with five (5) years of supervised probation, with the specific terms and conditions to be set forth herein. This sentence will remain concurrent with Count I[.]

(emphasis added). The State then timely filed its petition for a writ of review, claiming the district court was bound by the plea agreement, the terms of which prohibited the court from modifying or reducing Mr. Boni's sentence. We granted the petition.

***STANDARD OF REVIEW***

[¶14] We review a district court's decision on a defendant's motion for sentence modification or reduction for an abuse of discretion. *Herrera v. State*, 2025 WY 62, ¶ 10, 569 P.3d 772, 775 (Wyo. 2025). A district court abuses its discretion when its decision is based on an erroneous legal conclusion. *McNair v. Beck*, 2024 WY 85, ¶ 33, 553 P.3d 771, 781 (Wyo. 2024) (citing *Grove v. Pfister*, 2005 WY 51, ¶ 6, 110 P.3d 275, 278 (Wyo. 2005)).

[¶15]   "A plea agreement is a contract between the State and the defendant to which we apply general principles of contract law." *Wells v. State*, 2026 WY 37, ¶ 15, 587 P.3d

---

[3] The district court found the agreement "was never reduced to writing and filed with the [c]ourt[.]" Though no copy of the plea agreement is found in the record, the district court did state at the change of plea hearing that it had a copy of the plea agreement.

4

106, 109–10 (Wyo. 2026) (citing *Montano v. State*, 2019 WY 34, ¶ 13, 437 P.3d 838, 842 (Wyo. 2019)). Interpretation of a plea agreement, including the scope and enforceability of a waiver contained therein, is a matter of law we review de novo. *Henry v. State*, 2015 WY 156, ¶ 13, 362 P.3d 785, 789 (Wyo. 2015) (citing *Schade v. State*, 2002 WY 133, ¶ 5, 53 P.3d 551, 554 (Wyo. 2002); *Noel v. State*, 2014 WY 30, ¶ 17, 319 P.3d 134, 142 (Wyo. 2014)).

## *DISCUSSION*

[¶16]  The State argues the district court erred in granting Mr. Boni's W.R.Cr.P. 35(b) motion because the court was bound by the plea agreement, which expressly prohibited the district court from modifying or reducing Mr. Boni's sentence as it did. The State further claims Mr. Boni is not entitled to relief from his waiver under *Hahn*. We agree.

[¶17]  As described above, the district court's written "order granting reduction of sentence" was internally inconsistent and relied on a distinction between "reduction" and "modification" that it did not ultimately follow. Its decision to "reduce" Mr. Boni's sentence on Count I and "modify" his sentence on Count IV is inconsistent with the plea agreement, which prohibited any "sentence modification or adjustment." It is also inconsistent with the court's own sentencing order stating it would "grant no further sentence reduction in this matter pursuant to Wyo. R. Crim. P. 35(b) except to correct an illegal sentence." Finally, it is inconsistent with the court's warning to Mr. Boni that any motion under W.R.Cr.P. 35(b) "would be deemed void on its face based on [the plea] agreement." Mr. Boni does not contest that the district court was bound by the plea agreement or that the agreement's terms barred him from seeking a sentence modification or reduction.

[¶18]  Mr. Boni nonetheless contends the district court could modify his sentence under the framework outlined in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). In that case, the Tenth Circuit addressed whether the defendant's waiver of appellate rights in a plea agreement was enforceable. *Id.* at 1320. The court adopted a three-part test to determine the enforceability of the waiver, asking "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice[.]" *Id.* at 1325.[4]

[¶19]  Mr. Boni argues enforcing his waiver in this case would result in a miscarriage of justice. *Hahn* explained the miscarriage of justice exception would apply only in the following, limited circumstances: "[1] where the district court relied on an impermissible

---

[4] We relied on the *Hahn* test to assess an appellate waiver in *Henry*, 2015 WY 156, ¶¶ 11–21, 362 P.3d at 788–91.

5

factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (quoting *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)). The court made clear a "waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations [listed above]." *Hahn*, 359 F.3d at 1327.

[¶20]  Assuming without deciding that the *Hahn* miscarriage of justice exception might apply with equal force to a W.R.Cr.P. 35(b) waiver,[5] it is clear none of the circumstances specified in *Hahn* apply in this case. Three of the manifest injustice scenarios in *Hahn* describe issues that exist or occur when the waiver is made. *See Hahn*, 359 F.3d at 1327. Mr. Boni's allegations of manifest injustice relate to developments after he was sentenced: his good behavior while incarcerated, worsening of his mental health difficulties, and his strong family and community support. Mr. Boni also does not argue his waiver creates manifest injustice because it is "otherwise unlawful" under *Hahn*'s fourth manifest injustice scenario.[6]

[¶21]  Mr. Boni acknowledged at oral argument that he had considered other options for relief such as medical parole under Wyo. Stat. Ann. § 7-13-424 (2025). He explained he made his W.R.Cr.P. 35(b) motion because he was within the time allotted by the rule to do so. While we appreciate his effort to seek every possible avenue of relief, a motion for sentence modification or reduction was not available to him under the express terms of his plea agreement.

[¶22]  Reversed.

---

[5] There is no federal guidance on extension of the *Hahn* exceptions under these circumstances because only the government can seek a sentence reduction under the Federal Rules of Criminal Procedure. *See* F.R.Cr.P. 35(b).

[6] Mr. Boni conceded at oral argument he was asking to expand the *Hahn* test, but did not argue the same in his brief and has provided no authority in support of doing so. We "will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation." *Hicks v. State*, 2025 WY 113, ¶ 30, 578 P.3d 366, 379 (Wyo. 2025) (quoting *Woods v. State*, 2017 WY 111, ¶ 18, 401 P.3d 962, 969 (Wyo. 2017)).